Matthias, J.,
 

 dissenting. The primary question presented is whether this court shall issue a writ of mandamus requiring the Director of Finance to issue his certificate that there is a balance in the highway improvement fund “pursuant to which such obligation is required to be paid. ’ ’ If that were the only question involved I could concur in the issuance of the writ. However, I regard it imperative that the constitutionality of essential provisions of the turnpike act be determined in this case.
 

 In my opinion the turnpike act violates the provisions of Section 1, Article XIII of the Constitution which reads “The General Assembly shall pass no special "act. conferring corporate powers.”
 

 Sections 1203 and 1205, General Code, create a “body both corporate and politic” with powers to adopt bylaws; to adopt a seal; to maintain a principal office; to sue and be sued in its own name, plead and be impleaded; and to acquire, hold and dispose of real and personal property. These sections creating the Turnpike Commission and other sections further delineating its powers were enacted by the General Assembly as the means by which a single corporate body was established with power to engage in the location, construction and operation of motor vehicle toll roads in this state. The whole purpose of the enactment is to create a special corporation and to delegate to the persons comprising such corporation broad special powers not generally available to any other body or group of citizens of the state.
 

 In my view such a statute is a special act conferring corporate powers and therefore violative of Section 1, Article XIII of the Constitution, and it is not an act of general application. Reference may well be directed
 
 *286
 
 to the act whereby the General Assembly established the State Bridge Commission and conferred essential powers upon it (Section 1084-3, General Code) without unlawfully creating a corporation. The General Assembly thereby accomplished the identical purpose sought to be accomplished by the turnpike act.
 

 Some of the sections comprising the turnpike act confer upon the commission unlimited authority to perform acts clearly legislative in character and hence constitute an unlawful delegation by the General Assembly of its legislative power contrary to Section 1, Article II of the Constitution.
 

 Section 1205 (£), General Code, empowers the commission.
 

 “(£) To
 
 employ
 
 consulting engineers, superintendents, managers, and such other engineers, construction and accounting experts, attorneys, and other employees and agents as may be necessary in its judgment, and to
 
 fix their compensation',
 
 provided, that all such expenses shall be payable solely from the proceeds of turnpike revenue bonds * *
 

 Section 1218, General Code, provides:
 

 ‘ ‘ Each such project shall also be policed and operated by such force of police, toll takers and other operating employees as the commission may in its discretion employ.”
 

 Section 1217, General Code, provides:
 

 “The commission shall have power to adopt such bylaws, rules and regulations as it may deem advisable for the control and regulation of traffic on any turnpike project, * *
 

 Section 1213, General Code, provides:
 

 “In the discretion of the commission any bonds issued * * * may be secured by a trust agreement * * *. Any such trust agreement * * * may contain such provisions for protecting and enforcing the rights and remedies of the bondholders as may be reasonable and
 
 *287
 
 proper and not in violation of law, including,
 
 covenants setting forth the duties of the commission in relation to the acquisition of property and the construction, improvement, maintenance, repair, operation and insurance of the turnpike project
 
 # *
 
 *, the rates of toll to be charged, and the custody, safeguarding and application of all moneys, and provisions for the employment of consulting engineers in connection with the construction or operation of such turnpike
 
 * * V1 (Emphasis supplied.) Thus not only are legislative powers delegated to the commission; authority is conferred to delegate the delegated powers to the trustee for the bondholders.
 

 The desirability of the construction of a turnpike to absorb the burden of through motor traffic in this state is quite apparent. Such a project may be authorized by the General Assembly and paid for in the manner proposed under the powers conferred upon the General Assembly by the Constitution; but the creation of a sovereign department within the sovereign state is beyond the limitations prescribed by the state Constitution.